FARA INVESTORS INC., Plaintiff, *v.* MORRIS LOURIE et al., Defendants.

Supreme Court, Special Term, Bronx County, June 26, 1950.

*Robert S. Garson* for plaintiff.

*Morton A. Bernstein* for defendants.

NATHAN, J.   This is an action for a declaratory judgment, brought to test the constitutionality of subdivision (b) of section 203 of the Housing and Rent Act of 1949.   (U. S. Code, tit. 50, Appendix, § 1894, subd. [b].)

Plaintiff is the owner of an apartment building at 1730 Montgomery Avenue, Bronx, having purchased the building at a foreclosure sale in January, 1948.   The defendants are tenants in the building, each of whom occupied an apartment at the time of plaintiff's purchase under a written lease from the previous owner, which lease by its terms expired after December 31, 1948, and had been filed with the Housing Expediter in 1947.   The tenants were made parties to the foreclosure and their leases terminated.   New leases at higher rentals were executed in 1948.

It is clear from previous adjudications that the apartments occupied by these defendants were decontrolled from February 1, 1948, to April 1, 1949, when the act of 1949 went into effect. Subdivision (b) of section 203 of the act of 1949 amended paragraph (3) of subdivision (b) of section 204 of the Housing and Rent Act of 1947, as amended, by recontrolling housing accommodations in which leases filed under the 1947 act had terminated and fixing the maximum rent as that set forth in the leases filed in 1947.   The effect, as applied to this case, is to fix the ceiling at the rents called for in the 1947 leases rather than the higher rentals called for in the 1948 leases.

The gist of plaintiff's complaint is that it is thereby deprived of the 15% increases that would have been permitted upon termination of leases on or after April 1, 1948.   Plaintiff contends that the 1949 amendment is in that respect discriminatory and in violation of the Fifth Amendment to the Federal Constitution.

Upon consideration of the evidence adduced and memoranda of law submitted, however, the court finds that the statute in question, though it may seem unsound, is not unconstitutional. Consequently, the relief sought must be refused.   Defendants are therefore entitled to judgment, with costs.

This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.

Let judgment enter accordingly.